The facts as established by the pleadings and proofs are that the land of complainant being sold under execution for debt, was *Page 430 
purchased by Daniel McMillan for the small sum of $10. The purchaser was afterwards induced, through the representations of neighbors, to compassionate the condition of complainant and to convey the land to Thomas N. McLeran for the consideration of $25, the said McLeran agreeing to hold the land in trust for the benefit of plaintiff. At the same time some other small effects were conveyed in augmentation of the trust fund.
After the lapse of a few years, McLeran concluded, for the more convenient management of the trust property, to sell the land and to hold the proceeds thereafter as an interest-bearing fund. He accordingly sold for $750 and took the bond of the purchaser.
It seems that at the time of the execution sale, and since, down to the time of the sale to McLeran, the complainant was indebted to a larger amount than he could pay.
After the death of McLeran, the validity of the trust being denied by his executrix, complainant filed his bill, setting forth the above (653) facts and praying for an account of the funds and the paying the balance found to belong to the same into the hands of Geddie, as a trustee.
The answer of the executrix, Mary Ann Evans, does not deny the above state of facts in any material particular, but makes the point, whether an arrangement made as his was, for the ease, favor, and comfort of a debtor, is a trust which will be enforced in the courts.
Such is the case presented, and, upon proper consideration of it, we see no reason why the trust should not be enforced. No injustice has been done to creditors. A bona fide and indefeasible title was acquired by McMillan through his purchase, and it was entirely competent for him to do with it as he pleased — to keep it, or to convey it away; to convey it either with or without full consideration, and either with or without conditions or trusts annexed thereto. When, therefore, McMillan responded to the call made on his pity, and assigned over the benefit of his purchase to Baker in such a way as to secure it from seizure by his creditors, he conferred, it is true, a benefit upon the debtor, but did no wrong to the creditor, for it was not at his expense. The advantageous bargain which he assigned over had not been acquired by any covinous or fraudulent contrivance or understanding between the debtor and purchaser. The sale was by execution, and the purchase was in good faith for the purchaser's benefit. That he afterwards changed his mind and made an almost gratuitous conveyance of it for the benefit of complainant, is no discredit, but is a transaction eminently fit to be enforced. There is no rule of law or equity which forbids liberality among men, provided they are liberal with their own, and do no injustice to the rights of others. *Page 431 
Whether the fund may not be reached by creditors upon proper proceedings, instituted for this purpose, we express no opinion, as such question is not now before us. (654)
This Court is of opinion the plaintiff is entitled to an account of the trust fund, to the end that it may be put into the hands of the proper trustee for plaintiff's use.
Let there be a decree for an account.
Cited: Ferguson v. Haas, 64 N.C. 778.
 *Page 13